```
                          United States Bankruptcy Court
                           Middle District of Pennsylvania
```

In re:                                                                Case No. 17-01920-JJT
Glen F Moore                                                          Chapter 7
Billie Lynn Moore
        Debtors                    **CERTIFICATE OF NOTICE**

District/off: 0314-4         User: REshelman           Page 1 of 1           Date Rcvd: Jul 26, 2017
                             Form ID: pdf010           Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 28, 2017.
db/jdb         +Glen F Moore,   Billie Lynn Moore,   331 Main Street, P.O. Box 197,   Genesee, PA 16923-0197

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                             TOTAL: 0

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                             TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 28, 2017                                  Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 26, 2017 at the address(es) listed below:
              James  Warmbrodt    on behalf of Creditor    Quicken Loans Inc. bkgroup@kmllawgroup.com
              James  Warmbrodt    on behalf of Creditor    BANK OF AMERICA, N.A. bkgroup@kmllawgroup.com
              John Francis Murphy    on behalf of Joint Debtor Billie Lynn Moore murphlaw@epix.net
              John Francis Murphy    on behalf of Debtor Glen F Moore murphlaw@epix.net
              Lawrence G. Frank (Trustee)   lawrencegfrank@gmail.com, PA39@ecfcbis.com
              Thomas I Puleo    on behalf of Creditor    BANK OF AMERICA, N.A. tpuleo@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Glen F. Moore<br>Billie Lynn Moore<br>　　　　　Debtor(s)<br><br>QUICKEN LOANS INC.<br>　　　　　Movant<br>　　vs.<br><br>Glen F. Moore<br>Billie Lynn Moore<br>　　　　　Debtor(s)<br><br>Lawrence G. Frank Esq.<br>　　　　　Trustee | CHAPTER 7<br><br><br>NO. 17-01920 JJT<br><br><br>11 U.S.C. Sections 362 and |

## ORDER

Upon consideration of Movant's Motion for Relief from the Automatic Stay, it is:

ORDERED THAT: The Motion for Relief from the Automatic Stay of all proceedings is granted and the Automatic Stay of all proceeding, as provided under Section 362 of the Bankruptcy Abuse and Consumer Protection Act of 2005 (The Code), 11 U.S.C. Section 362, is modified with respect to the subject premises located at 2736 Fairwood Drive, Hudson, NC 28638 ("Property), so as to allow Movant, its successors or assignees, to proceed with its rights and remedies under the terms of the subject Mortgage and pursue its in rem State Court remedies including, but not limited to, taking the Property to Sheriff's Sale, in addition to potentially pursuing other loss mitigation alternatives including, but not limited to, a loan modification, short sale or deed-in-lieu of foreclosure. Additionally, any purchaser of the Property at Sheriff's Sale (or purchaser's assignee) may take any legal action for enforcement of its right to possession of the Property.

By the Court,

_____
John J. Thomas, Bankruptcy Judge
(PJR)

Dated: July 26, 2017